IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA STOCKTON<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HOUSECALLS HOME HEALTH SERVICES, INC., ALLCARE HEALTH SYSTEMS, INC., and **DEREK APPLE,** An Individual,<br><br>　　　　　Defendants. | Case No. 06-CV-00357-GKF-PJC |

**PLAINTIFF'S OBJECTIONS TO ORDER BY MAGISTRATE JUDGE (DOC 101)
UNDER RULE 72**

---

COMES NOW the Plaintiff, Melissa Stockton, by and through her Attorney of Record, Bill V. Wilkinson, of The Wilkinson Law Firm, and in support of her objections states as follows:

1. The United States Magistrate Judge entered a Discovery Order on June 15, 2007 (DOC 101).

2. In the Discovery Order, the Magistrate Judge makes rulings with regard to the discovery issues raised in Plaintiff's Brief in Opposition to Defendants' Motion to Quash/Modify Subpoena, and Plaintiff's Brief in Support of her Second Motion to Compel Discovery (DOC 89).

3. Plaintiff objects to certain portions of the Magistrate's Discovery Order as will be more fully discussed herein. For the convenience of the Court, the Plaintiff's objections are designated under separate designation numbers.

**PLAINTIFF'S OBJECTION NO. 1**

Plaintiff objects to the Order by the Magistrate Judge (DOC 101) which grants Defendants' Motion to Quash with regard to the proposed deposition of Teresa Burkett. The discussion by the

Magistrate Judge in his Order regarding this discovery matter is found on pages 6-12 of the Order. This portion of the Discovery Order is clearly erroneous and/or contrary to law and should be reversed by this Court in accordance with 28 U.S.C. § 636(b)(1)(A) and Rule 72(A), Federal Rules of Civil Procedure.  After finding that the asserted attorney/client privilege has been waived and after finding that discovery regarding the Burkett investigation is appropriate, the Magistrate Judge protects and insulates Attorney Burkett from a deposition in reliance on Shelton v. American Motors Corp., 805 F.2d 1323 (8th Circ 1986).  Specifically, the Magistrate Judge relies on a section of that opinion which explains that taking the deposition of opposing counsel might have a "chilling effect" and might create burdensome time and cost of litigation.  However, the reasoning applied in Shelton does not and should not apply here to insulate Attorney Burkett from an otherwise appropriate deposition.  As the Plaintiff contends in her brief, the unique circumstances arising in this case occur because Attorney Burkett participates in an investigation which normally could have and would have been performed by a non-lawyer.  By engaging in the investigation of the sexual harassment matters, Burkett places herself in a position where her deposition can and should be made available.  See Plaintiff's Brief (DOC 87) wherein Plaintiff relies on Payton v. New Jersey Turnpike Authority, 691 A.2d 321 (N.J. 1977) and its progeny.  Such was not the case in Shelton. In fact, a careful reading of Shelton reveals that Plaintiff's counsel desired to depose Defense counsel to determine if he had received certain documents prepared by the Defendant with regard to testing of the vehicle.  The Attorney witness offered to produce other nonlawyer witnesses to answer these questions.  These facts are substantially different than are involved here.  The Attorney witness in the Shelton case had never been in charge of non-legal duties or an investigation such as is true with Attorney Burkett here.  Burkett was simply conducting an investigation.  In Plaintiff's Brief on page 4, the deposition transcript of owner Steve Money demonstrates that Burkett was not providing legal advice.  Such non-lawyer activities should not be shielded from discovery.  And even if the Court determines that Burkett may have subsequently provided legal advice, no reason exists to shield the investigation from discovery.  Moreover, the rationale applied in Shelton involving a deposition of

opposing counsel does not apply here. While it was true that at one point in time Burkett was a member of the firm which is listed as defense counsel here, it is also true and readily apparent from Burkett's own affidavit that she is no longer associated with that firm and has joined a different law firm. Thus, the deposition of Attorney Burkett would not be a deposition of opposing counsel since she is no longer an opposing counsel.

The Magistrate Judge finds that the Plaintiff has not established that she has no other means to secure information regarding the Burkett investigation. But the Magistrate Judge has already found the opposite to be true. This finding is erroneous because the Magistrate Judge has also already found in the same Order that any remaining discovery is closed with regard to any witness other than Derek Apple, Kathy Apple, Steve Money, and Jennifer Hiser/Box. It is clear, of course, that other witnesses were interviewed by Attorney Burkett. It is likewise clear that at least one tape recording was made of a witness interview. Plaintiff should be permitted to depose Attorney Burkett since a finding has been made that any privilege has been waived. No reason exists to insulate witness Burkett from discovery under these circumstances.

**PLAINTIFF'S OBJECTION NO. 2**

Under Proposition III of Plaintiff's Brief, separate discovery disputes regarding witness Money are presented in Exhibit F attached to the brief. The Defendant then attempts to categorize those discovery disputes numerically. The Magistrate Judge refers to these discovery disputes in numbers assigned by the Defendant. The following dispute numbers are denied by the Magistrate Judge: **Dispute Nos. 2, 5, 6, 7, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 24, 25, 27, 28, 29, 30, and 31** These rulings by the Magistrate Judge are clearly erroneous and/or contrary to law and should be reversed by this Court in accordance with 28 U.S.C. § 636(b)(1)(A) and Rule 72(A), Federal Rules of Civil Procedure.

The Discovery Order by the Magistrate Judge provides under Proposition VIII that the Court denies the Plaintiff's request for the Defendants' Privilege Log to be reviewed *in camera*. The Magistrate Order provides, however, that Defendants are to amend the log in accordance with the

Discovery ruling. However, the Order by the Magistrate Judge fails to designate a time when Defendants are to modify the privilege log. Defendants have not yet done so. The Court should modify this ruling by the Magistrate Judge to require Defendants to immediately amend their privilege log and submit it to the Magistrate Judge for *in camera* review.

    Plaintiff prays the Court to sustain these objections and to reverse the discovery decisions by the United States Magistrate Judge accordingly.

Respectfully submitted,

WILKINSON LAW FIRM


By:  s/ Bill V. Wilkinson
Bill V. Wilkinson, OBA No. 9621
7625 East 51st Street, Suite 400
Tulsa, Oklahoma 74145-7857
Tel: 918/663-2252; Fax: 918/663-2254

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the __25th__ day of June, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Reuben Davis, OBA #2208
Boone, Smith, Davis, Hurst & Dickman
500 ONEOK Plaza
100 West Fifth Street
Tulsa OK 74103
rdavis@boonesmith.com

s/ Bill V. Wilkinson
Bill V. Wilkinson
