### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA STOCKTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HOUSECALLS HOME HEALTH SERVICES, )<br>INC., ALLCARE HEALTH SYSTEMS, INC., )<br>and DEREK APPLE, an individual, )<br>)<br>Defendants. ) | Case No. 06-CV-357-GKF-PJC |

### **O R D E R**

This matter comes before the Court on "Plaintiff's Objections to Order by Magistrate Judge (Doc 101) under Rule 72" [Docket # 102], and "Plaintiff's Application to Supplement 'Plaintiff's Objections to Order by Magistrate Judge (Doc 101) under Rule 72' (Doc 102)" [Docket # 111].

Plaintiff Melissa Stockton ("Stockton") objects to certain portions of the Magistrate Judge's eighteen-page discovery Order of June 15, 2007 (the "Discovery Order"). The Discovery Order contains rulings on: (1) Defendants' Motion to Quash/Modify Subpoena, or in the Alternative for Protective Order [Docket ## 76 & 79], which concerns a subpoena Stockton served on attorney Teresa M. Burkett; and (2) Plaintiff's Second Motion to Compel Discovery [Docket # 86].

A judge may reconsider a magistrate judge's order in a pretrial matter where it has been shown that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. Proc. 72(a) (on nondispositive matters "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.").

1. *Defendants' Motion to Quash/Modify Subpoena, or in the Alternative for Protective Order*

In the Discovery Order, the Magistrate Judge concluded that the defendants had established the elements of attorney-client privilege as to the Burkett investigation, that defendants had waived the privilege by relying on the Burkett investigation as part of their defense, that Stockton had met two of the three *Shelton*[1] criteria necessary to depose attorney Burkett, but that Stockton had not established the necessary criterion that "no other means exist to obtain the information than to depose [attorney Burkett]."

Stockton argues that the Burkett investigation was a "non-lawyer activity" which could have been performed by a non-lawyer, so the *Shelton* criteria should not apply. Stockton also contends that *Shelton* should not apply because attorney Burkett has joined a different law firm and is no longer an "opposing counsel." This Court respectfully disagrees. First, Stockton has not shown that Burkett's move to a new firm somehow renders clearly erroneous or contrary to law the finding that attorney Burkett was a lawyer in the law firm representing the defendants at all times relevant to the motion to quash. Second, Stockton has not show that the Discovery Order is clearly erroneous or contrary to law in its conclusion that Burkett's affidavit establishes all necessary elements for attorney-client privilege, including the element of "providing legal advice." Finally, the court in *Shelton* notes the problems inherent in deposing an opposing lawyer. Many of those problems continue to exist even where, as here, an opposing counsel withdraws from the case and moves to a new firm.

---

[1] In *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995), the Tenth Circuit Court of Appeals adopted the three-part test articulated in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) for determining when the deposition of opposing counsel may be taken.

Finally, Stockton has not shown that the Discovery Order is clearly erroneous or contrary to law in its conclusion that "Stockton has not established that she has no other means to secure information regarding the Burkett investigation."

In her "Plaintiff's Application to Supplement 'Plaintiff's Objections to Order by Magistrate Judge (Doc 101) under Rule 72' (Doc 102)" [Docket # 111], which defendants oppose, Stockton seeks permission "to supplement her objection [to the Discovery Order] within 10 days following the completion of the deposition transcripts" with testimony not made available to the Magistrate Judge prior to his rulings in the Discovery Order. The depositions were taken **after** the Discovery Order and **after** Stockton filed her objection to the Magistrate Judge's rulings, so the transcripts did not exist when, on June 15, 2007, the Magistrate Judge concluded that Stockton had not established that she had no other means to secure information regarding the Burkett investigation. This Court concludes that such after-acquired material should not be considered in the Court's determination of whether the Discovery Order of June 15, 2007 was clearly erroneous or contrary to law, as such material was not provided to the Magistrate Judge before he entered the Order. In other words, Stockton ought not be permitted to supplement her objection to the Discovery Order with materials which were not made available to the Magistrate Judge before he entered the Discovery Order. "Plaintiff's Application to Supplement 'Plaintiff's Objections to Order by Magistrate Judge (Doc 101) under Rule 72' (Doc 102)" [Docket # 111] is therefore denied.

The Court notes, however, that Stockton recently submitted nearly eight (8) single-spaced pages of recently-taken deposition testimony in her reply brief of July 24, 2007 [Docket # 116]. Stockton contends that the testimony shows that the deponents "have suffered a severe onset of amnesia" regarding the Burkett investigation or were directed not to answer such questions, and that

she therefore has no other means to obtain information about the Burkett investigation than to depose attorney Burkett. The Court concludes that, although Stockton's objections to the Discovery Order with respect to the Motion to Quash Burkett's deposition should be denied for the reasons previously stated, the issue of whether "no other means exist to obtain the information than to depose [attorney Burkett]" is hereby recommitted to the Magistrate Judge based on Stockton's representation that she has relevant new evidence. 28 U.S.C. § 636(b)(1).

2. *Plaintiff Stockton's Second Motion to Compel Discovery*

Upon review of the Discovery Order and the briefs, the Court concludes that Stockton has not shown that the Magistrate Judge's rulings relating to twenty-two specific disputes contained in Stockton's Proposition III are clearly erroneous or contrary to law. Stockton's objections are therefore denied.

The Magistrate Judge ordered defendants to review their privilege log in accordance with his rulings and to amend the log accordingly. Stockton objects because the Magistrate Judge did not designate a date certain to modify and produce the log. Defendants state in their response that they provided the Amended Privilege Log to Stockton's counsel on June 26, 2007. Stockton's objection is denied as moot. Stockton's objection to the Magistrate Judge's declination to review the log *in camera* is denied.

WHEREFORE, "Plaintiff's Objections to Order by Magistrate Judge (Doc 101) Under Rule 72" [Docket No. 102] are denied; "Plaintiff's Application to Supplement 'Plaintiff's Objections to Order by Magistrate Judge (Doc 101) Under Rule 72' (Doc 102)" [Docket No. 111] is denied; and the issue of whether "no other means exist to obtain the information than to depose [attorney

Burkett]" is hereby recommitted to the Magistrate Judge based on the representation of relevant new evidence.

IT IS SO ORDERED this 30th day of July 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma