UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA STOCKTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CV-357- GKF-PJC |
| | ) |
| HOUSECALLS HOME HEALTH SERVICES, INC., ALLCARE HEALTH SYSTEMS, INC. and DEREK APPLE, an Individual, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ANY CONFIDENTIAL SETTLEMENT AGREEMENT BETWEEN DEFENDANTS AND ANDREA HOPPER, WITH BRIEF IN SUPPORT**

Defendants, Housecalls Home Health Services, Inc., Allcare Health Systems, Inc., and Derek Apple, move, in limine, to preclude Plaintiff from asking Defendants about a confidential settlement agreement between Defendants and Andrea Hopper ("Hopper") or introducing evidence of this settlement agreement. Evidence of a prior confidential settlement agreement is prohibited pursuant to Rule 408, Fed. R. Evid. In addition, evidence of a prior confidential settlement agreement is irrelevant to this case and the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.

**BRIEF IN SUPPORT**

Plaintiff should be precluded from introducing evidence of a prior confidential settlement agreement between Defendants and Hopper. Pursuant to Rule 408, Fed. R.

Evid., evidence of a settlement agreement is not admissible to prove liability on a claim, the amount of a claim, or to impeach a witness on a prior inconsistent statement or contradiction. Furthermore, Rule 408 has been interpreted broadly to prohibit not only disclosure of settlement agreements between active parties to a case, but also settlement agreements involving third parties. *See McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985).

In this case, Plaintiff's counsel asked Defendants several questions during depositions about a confidential settlement agreement between Defendants and Hopper arising from a claim of sexual harassment. As a result, Defendants believe that Plaintiff will attempt to introduce evidence about the confidential settlement agreement at trial. However, the only possible reason for Plaintiff to introduce evidence about a confidential settlement agreement is to show that Plaintiff was sexually harassed in this case or in attempt to establish damages. This clearly would violate Rule 408. Therefore, evidence concerning a prior confidential settlement agreement between Defendants and Hopper is inadmissible pursuant to Rule 408.

Further, evidence of a confidential settlement agreement would also be inadmissible pursuant to Rule 403, Fed. R. Evid. Under Rule 403, the Court must exclude evidence if its relevance is substantially outweighed by the danger of unfair prejudice. Here, a prior confidential settlement agreement between Defendants and third party would seem to have little or no relevance to Plaintiff's claims. In addition, the risk of confusing the jury with this evidence outweighs any relevance it may have. Therefore, evidence of a prior confidential settlement agreement between Defendants and Hopper is inadmissible pursuant to Rule 403.

## CONCLUSION

For the reasons set forth above, Plaintiff should be precluded from asking Defendants about a prior confidential settlement agreement between Defendants and Hopper or from introducing evidence of the prior confidential settlement agreement.

Respectfully Submitted,

*s/Reuben Davis*
Reuben Davis, OBA # 2208
Barry L. Smith, OBA #12482
Michael Pollard, OBA #17894
Susan E. Walker, OBA #10859
Boone, Smith, Davis, Hurst & Dickman
500 Oneok Plaza, 100 West Fifth Street
Tulsa, Oklahoma 74103
Phone: (918) 587-0000
Fax: (918) 599-9317
Email: rdavis@boonesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2007, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Bill V. Wilkinson
Wilkinson Law Firm
7625 East 51st Street, Suite 400
Tulsa, OK 74145-7857

*s/Reuben Davis*