UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA STOCKTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-357- GKF-PJC |
| ) | |
| HOUSECALLS HOME HEALTH ) | |
| SERVICES, INC., ALLCARE HEALTH ) | |
| SYSTEMS, INC. and DEREK APPLE, an ) | |
| Individual, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ANY PRIOR ABORTION BY JENNIFER HISER, WITH BRIEF IN SUPPORT

Defendants, Housecalls Home Health Services, Inc., Allcare Health Systems, Inc., and Derek Apple, move, in limine, to preclude Plaintiff from questioning Jennifer Hiser ("Hiser") about any prior abortions or introducing evidence that Hiser had an abortion. Evidence about any prior abortions by Hiser is not relevant to this case and the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.

### BRIEF IN SUPPORT

In Hiser's deposition, Plaintiff's counsel asked Hiser several questions about whether she had ever had an abortion. However, for evidence to be admissible at trial, it must be relevant and its relevance may not be substantially outweighed by the danger of unfair prejudice. Rules 402 and 403, Fed. R. Evid. Further, in the context of questions about abortion, courts have routinely excluded such evidence pursuant to Rule 403 because of "the fierce emotional reaction that is engendered in many people when the

subject of abortion surfaces in any manner." *Nickerson v. G.D. Searle & Co.*, 900 F.2d 412, 418 (1st Cir.1990); *Nichols v. American Nat. Ins. Co.*, 154 F.3d 875 (8th Cir. 1998).

In this case, whether Hiser, a non-party to this case, had an abortion would seem to have little or no relevance to any of Plaintiff's claims. In addition, the potential for an emotional reaction from the jury upon hearing about an abortion makes the danger of unfair prejudice substantially outweigh any relevance this evidence may have. Accordingly, Plaintiff should be precluded from questioning Hiser about any prior abortions or introducing evidence that Hiser had an abortion.

## CONCLUSION

For the reasons set forth above, Plaintiff should be precluded from directly asking Hiser about any prior abortions or from introducing evidence that Hiser had an abortion.

Respectfully Submitted,

s/Reuben Davis
Reuben Davis, OBA # 2208
Barry L. Smith, OBA #12482
Michael Pollard, OBA #17894
Susan E. Walker, OBA #10859
Boone, Smith, Davis, Hurst & Dickman
500 Oneok Plaza, 100 West Fifth Street
Tulsa, Oklahoma 74103
Phone: (918) 587-0000
Fax: (918) 599-9317
Email: rdavis@boonesmith.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2007, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

> Bill V. Wilkinson
> Wilkinson Law Firm
> 7625 East 51st Street, Suite 400
> Tulsa, OK  74145-7857

*s/Reuben Davis*