IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA STOCKTON<br><br>    Plaintiff,<br>vs.<br><br>**HOUSECALLS HOME HEALTH SERVICES, INC., ALLCARE HEALTH SYSTEMS, INC.,** and **DEREK APPLE,** An Individual,<br><br>    Defendants. | Case No. 06-CV-00357-GKF-PJC |

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

COMES NOW the Plaintiff, Melissa Stockton, by and through her attorney of record, Bill V. Wilkinson of the Wilkinson Law Firm, and in support of her "Motion in Limine," respectfully submits the following arguments and authorities:

The subjects and information listed in the Plaintiff's Motion in Limine are not relevant under Federal Rule of Evidence, 401, because any testimony or information regarding these subjects does not have any tendency to prove or disprove the existence of any fact that makes the determination of this action more probable or less probable than it would without such evidence. Accordingly, such evidence is not admissible under Federal Rule of Evidence, 402. The Plaintiff respectfully submits, however, that Defendants intend to introduce evidence and/or information regarding these subjects because Defendants perceive that such information would be prejudicial to the Plaintiff and would cast her in an unfavorable light before the jury. Even if relevant, such evidence should not be admitted because of the prejudicial nature of the information as defined under Federal Rule of Evidence, 403.

During discovery, Defendants vigorously pursued questioning involving the romantic relationship between the Plaintiff and her husband, Mr. Phillip Money, especially during the time period before they were married. Likewise, such discovery involved personal and prejudicial

questions to Mr. Phillip Money involving romantic relationships which he may have had with other women, including Defendants' employees, before he and the Plaintiff were married. It is clear, of course, that such testimony cannot meet the definition of "relevant evidence" under Federal Rule of Evidence, 401. The nature of this civil litigation case involves a retaliatory discharge by the Defendants of the Plaintiff after she reported allegations of sexual harassment by Mr. Derek Apple, husband of the principal owner, Kathy Apple. The Plaintiff was informed by two different female employees of the sexual harassment by Derek Apple. The Plaintiff believed it was important for her to report the allegations, and she did so. The question of first concern, of course, is how and in what manner information or allegations regarding the romance between the Plaintiff and her husband, Mr. Phillip Money, or involving any romantic relationships between Mr. Phillip Money and other women, have any bearing on the issues to be tried in this case. The answer is, of course, is that they do not. On the other hand, it is easy to see under Federal Rule of Evidence, 403 that such information could and probably would result in prejudice to the Plaintiff in the jury's eyes.

Plaintiff submits that these various inappropriate subjects are raised by Defendants in discovery in anticipation that they can be inserted during the trial in the presence of the jury for the sole purpose of causing prejudice in the eyes of the jury as to the Plaintiff. The alleged criminal record of the Plaintiff's husband presents the perfect example of such tactics. Any such criminal record is not relevant under Federal Rule of Evidence, 401 and, even if relevant, should be excluded by Federal Rule of Evidence, 403. The Defendants' witnesses also made reference to an alleged incident involving Plaintiff's witness Andrea Hopper. The incident was a private party which did not involve the Defendants. The witness claimed in discovery that Andrea Hopper had danced in a provocative fashion during this private event. Such testimony is not relevant under Federal Rule of Evidence, 401. Interestingly, the event is alleged to have occurred a substantial time period after the sexual harassment involving Mr. Apple. Moreover, Mr. Apple was not present at the alleged events occurring in the private party. Even if such testimony were relevant, moreover, it should be precluded under Federal Rule of Evidence, 403.

Defendants' Counsel has displayed blatant practices of propounding leading questions to Defendants and/or Defendants' employees in violation of <u>Federal Rule of Evidence, 611(c)</u>. The following deposition transcript involving Defendants' employee Jennifer Box Hiser illustrates the nature of such leading questions. Defendants assert in this case that the reporting of the allegations of sexual harassment by the Plaintiff was motivated solely by the Plaintiff's desire to seek revenge against the Defendants. Consequently, Defense Counsel propounds questions to witness Jennifer Box Hiser clearly intended to elicit this testimony. The deposition transcript reveals the following:

> Q  Do you remember the conversation of that dialog?
> A  No, I don't. It was just a conversation that just like you and I are sitting here talking.
> Q  Did it surprise you when she said that?
> A  No.
> Q  Why?
> A  Just because I felt that – I mean, I just – I kind of gathered that.
> Q  You gathered that from your observation?
> A  Observations and previous conversations with her.
> Q  What other previous conversation?
> A  Just conversations that we had had prior to that about Derek being in that position.
> Q  Do you recall the specifics of these conversations?
> A  No I don't.
> Q  Did Ms. Stockton ever talk to you about getting back at Mr. Apple or taking any kind of adverse action against Mr. Apple?
> **MR. WILKINSON:** Object to form.
> [Deposition, Jennifer Box Hiser, pp. 127-128]

It is clear from such tactics that Defendants have and will disregard <u>Federal Rule of Evidence, 611(c)</u> in propounding leading questions as part of the trial strategy.

The Defendants have demonstrated in discovery that they have adopted a strategy to impugn the reputation evidence of character of the Plaintiff, her husband, and witness Andrea Hopper. However, such a strategy is prohibited by Rule 608. The Court should enforce Rule 608 and require Defense Counsel to approach the bench for a hearing out of the presence of the jury before attempting to demean the reputation of the Plaintiff, her husband, or Andrea Hopper.

Plaintiff urges the Court to grant this Motion and to prevent such improper tactics.

## CONCLUSION

Plaintiff prays the Court to grant Plaintiff's Motion in Limine.

> Respectfully submitted,
>
> Wilkinson Law Firm
>
> By:   s/ Bill V. Wilkinson
> Bill V. Wilkinson, OBA No. 9621
> 7625 East 51st Street, Suite 400
> Tulsa, Oklahoma 74145-7857
> Tel: 918/663-2252; Fax: 918/663-2254

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___2nd___ day of August, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Reuben Davis, OBA #2208
Boone, Smith, Davis, Hurst & Dickman
500 ONEOK Plaza
100 West Fifth Street
Tulsa OK 74103
rdavis@boonesmith.com

> s/ Bill V. Wilkinson
> Bill V. Wilkinson