# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELISSA STOCKTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 06-CV-357-GKF-PJC** |
| | ) | |
| HOUSECALLS HOME HEALTH | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Preclude Plaintiff from Introducing Documents Bates Numbered Stockton 290 Through Stockton 1145 in Evidence ("Motion to Preclude") [Dkt. # 119]. For the reason set forth below, the Motion is **DENIED**.

*Background*

On September 8, 2006, Defendants served their First Request for Production of Documents on the Plaintiff. In March and May 2007 Plaintiff provided 289 pages of documents responsive to the Defendants' Request. Discovery cutoff was May 11, 2007, and dispositive motions were due May 25, 2007. [Dkt. # 62].

On July 17, 2007, more than two months past discovery cutoff and nearly two months past the dispositive motion deadline, Plaintiff produced STOCKTON 290-1145 ("the contested documents"), an additional 855 documents responsive to Defendants' September 2006 document request. As a sanction for this late production, Defendants seek to preclude Plaintiff from introducing *any* of these documents. Plaintiff states that

all of the contested documents were familiar to Defendants and many were simply duplicates of documents that had been produced earlier.

### Applicable Legal Standard

A party must serve a written response within 30 days after service of a request for production of documents.  Fed. R. Civ. P. 34(b).  Failure to provide a written response within the 30-day period may be a basis for sanctions under Rule 37(d).  Some courts have also held that failure to timely provide all documents responsive to a Rule 34 request may be sanctionable.  *E.g.*, *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141, 145-46 (N.D.Ill. 1982)  ("[C]ulpable failure to produce documents in response to a request to produce can be the basis for sanctions under Fed.R.Civ.P. 37(d).").  However, other courts have found no authority for such sanctions in Rule 37.  *Petroleum Ins. Agency, Inc. v. Hartfod Acc. & Indem. Co.*, 106 F.R.D. 59, 66 (D. Mass. 1985) ("[P]ower to impose sanctions for failure to produce all the documents requested … cannot be found in Rule 37(d).").

If a violation of Rule 34 has occurred, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d).

### Discussion

Defendants have offered the Court little assistance in determining whether Plaintiff's late production has caused serious prejudice in the defense of this case or is more properly described as much ado about nothing.  After conducting a careful review

of the contested documents – a review that the Defendants should have undertaken in support of their motion – the Court concludes that this dispute falls into the latter category.

At the time the Motion to Preclude was filed on July 27, 2007, Defendants could not advise the Court whether any of the contested documents were new to them, that is, documents they had not seen prior to Plaintiff's belated production.  In their motion Defendants stated:

> Due to the sheer number of documents recently produced by Plaintiff, Defendants have not had an opportunity to check to see whether any of the 855 newly produced documents duplicate the 290 documents produced in March and May of 2007.

(Motion to Preclude, p. 2, n.2, Dkt. # 119).

Thus, even Defendants recognized the possibility that some of the contested documents were merely copies of documents that had been timely produced as part of STOCKTON 1-289.  When Defendants supplemented the Motion to Preclude three weeks later [Dkt. # 155], they still did not identify for the Court any contested document whose late production prejudiced them in any way.  Thus, without reference to any specific problem document(s), Defendants ask the Court to issue a blanket order precluding Plaintiff's use of *all* of the contested documents.

An *in camera* review of the contested documents highlights the problem with Defendants' approach to this issue.  It appears that most of the contested documents are emails between Plaintiff Melissa Stockton and one or more officers of the Defendant companies.[1]  Obviously, these emails cannot be new to the Defendants.  They were

---

[1] It also appears that the vast majority of the contested documents are irrelevant to the claims and defenses in this lawsuit.

parties to the written communication.  The rest of the contested documents are company documents such as employee registers, minutes of various company committee meetings, organizational charts and memos between Plaintiff and company officers.  Again, all of these documents either originated with the Defendants or were delivered to the Defendants in 2003-2005.  In short, Defendants must have seen or, even had possession of, all of the contested documents before Plaintiff produced them in July 2007.  Indeed, one of the documents that Defendants ask the Court to preclude Plaintiff from using is the December 13, 2005, Memo from Plaintiff to Steven Money that is the genesis of this lawsuit.  This Memo was in Plaintiff's possession and was Bates numbered STOCKTON 808-09 when Plaintiff produced it in July.  However, it makes little sense to preclude Plaintiff from using this document since Defendants had a copy in their files bearing Bates number Allcare 000718-19.  Furthermore, Defendants cannot seriously contend that Plaintiff be precluded from using this document when the Defendants have put it in the record as Exhibit "T" to their Motion for Summary Judgment.  [Dkt. # 114, Exhibit "T"].  How can Defendants ask the Court to bar Plaintiff from using a document that the Defendants have already put in the record?

Many of the contested documents are duplicates of documents that the Plaintiff produced in March or May 2007.  For example, STOCKTON 1004 appears identical to STOCKTON 73; STOCKTON 999 & 1000 are the same as STOCKTON 71 & 72; and, STOCKTON 978 is the same as STOCKTON 58.  Defendants cannot claim they have been prejudiced by belated production of these documents since Defendants have submitted the identical documents in Exhibit "W" to their Motion for Summary Judgment.  Review indicates that Exhibits "Y", "Z" and several others in the summary

judgment record contain emails and memos that are among the contested documents. Obviously, it makes no sense to preclude use of a document that Defendants already had in their possession and which is being used by the Defendants in support of a pending summary judgment motion.  A cursory review of these documents would have saved all parties and the Court significant time.  The Motion to Preclude is hereby **DENIED**.

The foregoing is not meant to imply that the Court condones Plaintiff's cavalier attitude toward her responsibilities under the Discovery Code.  Plaintiff has initiated a federal lawsuit with significant implications for both sides.  If he has not done so before, counsel should emphasize to his client the importance of abiding by the rules of procedure and the possible consequences of her failure to do so.

In light of this ruling, the Court need not address the question of whether sanctions may be imposed under Rule 37(d) for the conduct complained of herein – *i.e.*, whether sanctions can be imposed for belated production of documents responsive to a Rule 34 document request.

DATED this 29th day of August 2007.

Paul J. Cleary
United States Magistrate Judge