**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MELISSA STOCKTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 06-CV-357-GKF-PJC |
| ) | |
| **HOUSECALLS HOME HEALTH** ) | |
| **SERVICES, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The remaining discovery matter in this case is whether Plaintiff may depose Teresa Burkett regarding her investigation of allegations of sexual harassment by Derek Apple. On May 9, 2007, Defendants moved to quash [Dkt. # 79] a subpoena served on Burkett for her deposition. On June 15, 2007, the Court held that Burkett's conversations with various employees of Defendant companies during her investigation were protected by attorney-client privilege, but that the privilege had been waived by Defendants asserting an affirmative defense based on Burkett's investigation. [Dkt. # 101, at 7-10]. The Court then applied the criteria set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), to determine if Plaintiff had established a basis for deposing Burkett.[1]

The Court's conclusion was that Plaintiff had failed to meet the first prong of the *Shelton* test: *i.e.*, that no other means exist to obtain the information other than deposing opposing counsel. *Shelton*, 805 F.2d at 1327. The Court found that in light of its ruling

---

[1] The Tenth Circuit has adopted the *Shelton* test. *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 n.15).

that Defendants had waived attorney-client privilege on Burkett's investigation, Plaintiff could gather the information sought by deposing Steven Money, Kathy Apple and others. [Dkt. # 101 at 10-12.]  Plaintiff then re-deposed these witnesses; however, in nearly every case the witnesses did not recall the substance of their conversations with Burkett during the investigation.  For example, Martha Martin testified that she could not recall anything that Burkett interviewed her about.  [Martin dep., p. 40].  Similar memory lapses occurred with the other witnesses.  Accordingly, based on these depositions, Plaintiff has now satisfied all of the *Shelton* criteria and has established that she cannot obtain the information she seeks short of deposing Burkett.

For this reason, the Court finds that Plaintiff may depose Teresa Burkett about her investigation of the sexual harassment allegations against Derek Apple.  Because of the conduct of counsel in previous depositions, this deposition will take place at the Courthouse at a time to be agreed upon by the parties between Setpember10 and September 24, 2007.  Counsel will be expected to be fully prepared to conduct this deposition in expeditious fashion.  Plaintiff is reminded that attorney-client privilege has been waived only with respect to Burkett's investigation and report.  Other areas of her representation of Defendants remain privileged.

IT IS SO ORDERED this 5th day of September 2007.

_____
Paul J. Cleary
United States Magistrate Judge